UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

FERNANDO PILOTO,
JESUS MARTINEZ, and
EDDY ENRIQUE, on their own behalf
and others similarly situated,

    Plaintiff,

v.

CARGO FORCE, INC.,
a Florida profit corporation,
ANTHONY ROMEO, individually,
JARED AZCUY, individually, and
CHARLES LITTLE, individually,

    Defendants.
_____/

## COMPLAINT

COME NOW the Plaintiffs, FERNANDO PILOTO, JESUS MARTINEZ, and EDDY ENRIQUE, on their own behalf other employees and former employees similarly situated and by and through their undersigned counsel, and hereby file this Complaint for damages against Defendants, CARGO FORCE, INC. ("CARGO FORCE"), a Florida profit corporation, ANTHONY ROMEO, an individual, JARED AZCUY, an individual, and CHARLES LITTLE, an individual, and state in support as follows.

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), and Article X, Section 24 of the Florida Constitution to recover unpaid overtime compensation, an additional

1

equal amount as liquidated damages, obtain declaratory relief, and for reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

## PARTIES

3. At all times material hereto, Plaintiffs were residents of Miami-Dade County, Florida.

4. At all times material hereto, CARGO FORCE was a Florida profit corporation engaged in business in Florida and with a principal place of business in Florida.

5. CARGO FORCE is a company located in Miami-Dade County. As a result of the services provided by CARGO FORCE, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. At all times material hereto, ANTHONY ROMEO was an individual resident of the state of Florida, whom owned or operated CARGO FORCE, and whom regularly exercised authority to: (a) hire and fire new employees of CARGO FORCE; (b) determine the work schedules for the employees of CARGO FORCE; and (c) control the finances of CARGO FORCE. By virtue of having exercised that authority on behalf of CARGO FORCE, Defendant ANTHONY ROMEO is an employer as defined by the FLSA.

7. At all times material hereto, JARED AZCUY was an individual resident of the state of Florida, whom owned or operated CARGO FORCE, and whom regularly exercised authority to: (a) hire and fire new employees of CARGO FORCE; (b) determine the work schedules for the employees of CARGO FORCE; and (c) control the finances of CARGO FORCE. By virtue of having exercised that authority on behalf of CARGO FORCE, Defendant JARED AZCUY is an employer as defined by the FLSA.

8. At all times material hereto, CHARLES LITTLE was an individual resident of the state of Florida, whom owned or operated CARGO FORCE, and whom regularly exercised authority to: (a) hire and fire new employees of CARGO FORCE; (b) determine the work schedules for the employees of CARGO FORCE; and (c) control the finances of CARGO FORCE. By virtue of having exercised that authority on behalf of CARGO FORCE, Defendant CHARLES LITTLE is an employer as defined by the FLSA.

9. At all times material hereto, Plaintiffs were engaged in commerce within the meaning of § 6 and § 7 of the FLSA. Specifically, Plaintiffs utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

10. At all times material hereto, Plaintiffs were employees of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were Plaintiffs' employers within the meaning of the FLSA.

12. At all times material hereto, Defendants were and continue to be an enterprise engaged in commerce within the meaning of the FLSA. Specifically, Defendants purchased equipment and products manufactured outside the State of Florida.

13. At all times material hereto, Defendants were and continue to be an enterprise engaged in the production of goods for commerce within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, Plaintiffs were engaged in commerce and subject to the individual coverage of the FLSA.

16. At all times hereto, Plaintiffs were engaged in the production of goods for commerce and subject to individual coverage under the FLSA.

17. The additional persons who may become plaintiffs in this action are and were loaders of the Defendants whom held similar positions to Plaintiffs, and whom worked in excess of forty hours during one of more work weeks during the relevant time periods and whom did not receive pay at one and a half times their regular rate for their hours worked in excess of forty per workweek.

18. At all times material hereto, the work performed by Plaintiffs was essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. During the time period from September 17, 2011 through November 15, 2012, Plaintiffs were employed with Defendants as loaders.

20. At various material times during the last two years, Plaintiffs worked for Defendants in excess of forty hours within a workweek.

21. During the time period from September 17, 2011 through November 15, 2012, Defendants failed to Compensate Plaintiffs at or above the required minimum wage rates for all hours Plaintiffs worked for Defendants.

22. During the time period from September 17, 2011 through November 15, 2012, Defendants failed to compensate Plaintiffs at the rate of one and a half times Plaintiffs' regular rates of pay for all hours worked in excess of forty within a single workweek.

23. Defendants have violated Title 29 U.S.C. § 207 from at least September 17, 2011 through November 15, 2012 and continuing to date, in that:

a. Plaintiffs worked in excess of forty hours per week for the period in which they were employed with Defendants;

b. Defendants have made no payments or provisions for payment to properly compensate Plaintiffs at the statutory rate of one and a half times Plaintiffs' regular rates for those hours worked in excess of forty per workweek as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

24. Plaintiffs have retained RUBENSTEIN LAW, P.A. to represent Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiffs adopt the allegations in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. From at least September 17, 2011 through November 15, 2012, Plaintiffs worked in excess of forty hours per week for which they were not compensated at the statutory rate of one and a half times Plaintiffs' regular rates of pay.

27. Plaintiffs are entitled to be paid at the statutory rates of one and a half times Plaintiffs' regular rates of pay for those hours worked in excess of forty.

28. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

29. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of one and a half times Plaintiffs' regular rates of pay for the hours worked in excess of forty per week, plus liquidated damages.

30. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

31. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff would have credited Plaintiff with more than forty hours or more hours in a workweek, Defendants have failed to properly pay Plaintiff and those similarly situated employees their proper overtime wages.

32. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered jointly and severally in their favor against Defendants:

   a. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty hours per workweek;

   b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

   c. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d. Awarding Plaintiffs prejudgment interest; and

   e. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FEDERAL)

33. Plaintiffs adopt all allegations in paragraphs 1 through 24 as if fully set forth herein.

34. Plaintiffs have not been paid the minimum wage for each hour worked from at least September 17, 2011 through November 15, 2012 of their employment with Defendants because their hourly wages were reduced below the applicable minimum wage requirement.

35. Defendants willfully failed to pay Plaintiffs minimum wage for the duration of their employment in violation of 29 U.S.C. § 206 because they were aware of the minimum wage law requirements and failed to comply with them.

36. Defendants knowingly and intentionally failed to compensate Plaintiffs for one or more weeks of employment.

37. Defendants failed to post the required posting regarding minimum wage requirements.

38. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

39. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

40. Plaintiffs demand a trial by jury.

## COUNT III
## RECOVERY OF MINIMUM WAGES (STATE LAW)

41. Plaintiffs adopt all allegations in paragraphs 1 through 24 and paragraphs 34 through 37 as if fully set forth herein.

42. Plaintiffs and those similarly situated employees are entitled to be paid minimum wage for each hour worked during their employment with Defendant.

7

43. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused to make payment for the same.

44. Defendants willfully failed to pay Plaintiffs minimum wage for one or more weeks of work in violation of Article X, Section 24 of the Florida Constitution.

45. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE Plaintiffs and all other similarly situated employees demand judgment jointly and severally against Defendants for:

    a. Designation of this action as a collective action under the terms of 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b. The payment of all hours at applicable minimum wage rates;

    c. Liquidated damages;

    d. A declaration that Plaintiff was wrongfully denied minimum wage as applicable by law;

    e. Pre and postjudgment interest as provided by law;

    f. Trial by jury on all issues so triable;

    g. Any and all further relief that this Court deems necessary and just.

## COUNT IV
## DECLARATORY RELIEF

46. Plaintiffs adopt all allegations in paragraph 1 through 24 as if fully set forth herein.

47. Plaintiffs and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331 as a federal question exists.

48. The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

49. Plaintiffs may obtain declaratory relief.

50. Defendants employed Plaintiffs.

51. Defendants are an enterprise.

52. Plaintiffs were individually covered by the FLSA.

53. Defendants failed to pay Plaintiffs for all hours worked.

54. Plaintiffs are entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

55. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

56. Defendants did not rely upon a good faith defense.

57. Plaintiffs are entitled to an equal amount of liquidated damages.

58. It is in the public interest to have these declarations of rights recorded.

59. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

60. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

61. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand a declaration of rights finding that an employer-employee relationship existed, Plaintiffs worked over forty hours in a workweek without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Plaintiffs are entitled to minimum wage compensation, overtime compensation, liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as a matter of right by jury.

Dated August 28 2013.

Respectfully submitted,

Alan L. Lani, Esq.
Florida Bar Number 88688
**RUBENSTEIN LAW, P.A.**
9155 S. Dadeland Blvd., Suite 1600
Miami, Florida 33156
305-661-6000, Facsimile 786-300-4204
alan@rubensteinlaw.com
*Trial Counsel for Plaintiffs*